Judge Underwood
delivered the Opinion of the Court.
Anderson brought an action of debt against Hickman and McGrnder jointly. The writ being executed on both, McGrnder appeared, and filed the plea of non est factum, upon which an issue was formed. Thereafter, Anderson withdrew his replication to McGruder’s plea, and dismissed the action as to him, but took judgment bv default against Hickman. ‘
*224 The judgment must be reversed. If the plaintiff (now defendant,) had submitted the trial of the issue to a jury, and the jury had found for McGruder, then, as he would have been discharged from all future liability on the note, and might have pleaded the judgment rendered, in bar of any future action founded upon it, he might have taken his judgment against Hickman, with propriety, according to the principle of the case of McGowan vs. McCoun, 3 Marshall, 153. But as McGruder was not discharged, it was error to take judgment against Hickman. If he had been sued separately, he might have pleaded in abatement, the non-joinder of McGrutier. The voluntary dismissal of the suit as to Mi Grader, ought not to place Hickman in a situation where lie could not take advantage of the non-joinder of the joint obligors in the same action. The principles of the case of Shields vs. Perkins, 2 Bibb, 229, settles this.
Judgment reversed, with costs, and cause remanded.